FIRST STATE BANK OF NEW BRIGHTON v. GRACE MARIE PEARSON AND ANOTHER.[1]

October 7, 1927.

No. 26,184.

**No assumption of mortgage by grantee of mortgagor.**

Action to foreclose a real estate mortgage and to obtain a personal judgment against a grantee of the mortgagor upon an alleged assumption clause in the deed of conveyance. *Held:* (1) The evidence supports a finding that there was no assumption by such grantee. (2) The court did not err in refusing a new trial upon the ground of newly discovered evidence.

Appeal and Error, 4 C. J. p. 830 n. 45; p. 835 n. 67.
Mortgages, 41 C. J. p. 115 n. 30.
New Trial, 29 Cyc. p. 1008 n. 48; p. 1009 n. 54.

Plaintiff appealed from an order of the district court for Pine county, Stolberg, J., denying its motion for a new trial. Affirmed.

*Michael B. Hurley,* for appellant.

*Daly & Barnard,* for respondent O. A. Allen.

PER CURIAM.

Action to foreclose a mortgage upon 160 acres of land in Pine county and to obtain a personal judgment against the defendant

[1]Reported in 215 N. W. 516.

Allen based upon an assumption clause in a deed conveying such premises to him. There was a trial and an order for judgment in favor of the defendant Allen. From an order denying its motion for a new trial, the plaintiff appealed.

The plaintiff is a banking corporation with its principal place of business at New Brighton, Minnesota. The defendant Pearson resides in Pine county and the defendant Allen in Renville county. On June 7, 1920, the defendant Pearson was the owner of the land in controversy, at which time she executed a mortgage thereon to the plaintiff in the sum of $2,000. In February, 1921, she entered into a contract with the defendant Allen for the exchange of her land for other lands owned by Allen.

[1] The contract provided that Allen was to take the land subject to the $2,000 mortgage, but said nothing about his assuming the payment thereof. Subsequently Allen wrote a letter to the cashier of the State Bank of Bruno, who transacted the business for Mrs. Pearson, giving instructions as to the preparation of a deed conveying her land to Allen. It appears that Allen wrote the letter on a typewriting machine, making a carbon copy thereof. Allen inserted in the letter the word "assume," but before mailing the same crossed out the word "assume" in the letter and the carbon copy thereof by use of the letter "x" on his typewriter, and then mailed the letter to the Bruno bank.

The striking out of the word "assume" bears specifically upon whether Allen intended to assume the mortgage. When Allen received the deed from the Bruno bank he noticed that the scrivener who drew the deed had included therein an assumption clause but that such clause had been stricken out by use of the letter "x" on the typewriter. Allen thereafter exchanged his equity in the land with a man by the name of Engelman for other land and, at that time, erased his own name where it appeared as grantee in the Pearson deed, inserted in lieu thereof Engelman's name, wrote in an assumption clause over the one which had been stricken out, and delivered the same to Engelman. There was other evidence pro and con as to whether Allen in any way agreed to assume the mortgage in question.

Pearson being in default upon the mortgage, appellant brought this action to foreclose the same and joined the defendant Allen under the claim in its complaint that he had, by the terms of the Pearson deed, assumed and agreed to pay such mortgage. Pearson did not appear and answer in the action. Issue was fully joined as to the defendant Allen. The controlling question is one of fact which the trial court determined against the plaintiff.

[2] We discover no abuse of discretion on the part of the trial court in refusing a new trial upon the ground of newly discovered evidence.

Affirmed.